IN THE MATTER OF THE AMENDMENTS OF RULES CON-
CERNING ADMISSION TO THE PRACTICE OF LAW IN
THE STATE OF MONTANA.

No. 80-120.
Decided June 18, 1985.
701 P.2d 354.
ORDER

Attached to this order and by this reference incorporated herein is
a copy of Rule XXV, Attorneys and Counselors at law, which has
been promulgated by this Court and contains various provisions
with regard to the practice of law in the State of Montana. After
considering recent decision by the United States Supreme Court as
well as the decisions of the Supreme Courts of other states, this
Court has concluded that major changes are required in the admis-
sion process for attorneys in the State of Montana. Although some
immediate changes are required, it is necessary to obtain a detailed
study before making permanent revision of the rules for admission
of attorneys.

IT IS ORDERED:

(1) Rule XXV in form as contained in the attached copy, is hereby
totally rescinded, with such rescission to take effect on the date of
this order.
(2) The following Rule XXV is hereby adopted to take effect im-
mediately and to continue until the further order of this Court:

XXV

ATTORNEYS AND COUNSELORS AT LAW
A. GENERAL PROVISIONS
1. WHO ELIGIBLE. An applicant for admission to the bar of
Montana must be of good moral character, a citizen of the United
States, at least twenty-one years of age and a graduate of an accred-
ited law school. Until further order of this Court, admission shall be
limited to admission by examination.
2. OBJECTION TO THE ADMISSION OF APPLICANTS. Objec-
tion to the admission of an application to practice law in the Courts
of this State may be made by any person by filing with the Clerk of
this Court a statement setting forth the ground of such objections;

and such investigation shall be made as the Court deems appropriate.

3. REQUIREMENTS TO TAKE EXAMINATION. An applicant must be qualified under paragraph 1 of this Rule. An applicant shall complete such form as required by the Clerk of Court. In the event an applicant has practiced law in another state, the applicant shall set forth the practice information required in the application, and shall also advise whether or not any proceedings, disbarment or criminal charges have been instituted. An applicant who has practiced in another state shall be required to furnish a certificate by the presiding judge of the highest court of record showing that applicant was of good repute in the practice.

The application and all other papers required shall be filed and preserved in the office of the Clerk of this Court.

An applicant who has practiced in another state shall also cause to be furnished, at his or her own expense, to the Clerk of this Court, a report by the National Conference of Bar Examiners, American Bar Cent, Suite 1025 North Michigan Avenue, Chicago, Illinois 60601, as to its investigation concerning the candidate's character, reputation, experience and qualifications, which report must be supplied to the Clerk of this Court at the time required under the application form.

4. FEES FOR ADMISSION. Every applicant must pay $350 to the Clerk of this Court at the time of making application for examination. If admitted to practice, the applicant shall pay an enrollment fee of $50 in addition to the examination fee. Should an applicant fail the examination, the applicant may take the next succeeding examination without admission charge.

5. ROLL OF ATTORNEYS. Each attorney admitted to practice must sign the roll of attorneys kept by the Clerk of Court before the license is issued.

6. ATTORNEY'S LICENSE FEE. Each attorney admitted in the State of Montana shall pay the annual attorney's license fee as provided by law. With the exception of attorneys who assume judicial office, when an attorney discontinues the payment of the annual license fee for three consecutive years, that attorney's name shall be removed from the list of persons engaged in the practice of law, and shall be restored to active practice only by an order of the Supreme Court of Montana which shall be based upon an application containing the information required by the Clerk of Court. In the exercise of its discretion, the Court may waive these requirements.

No certificates of admission of good standing at the Bar of the

State of Montana shall be given unless the applicant's name is on the list of person engaged in the active practice of law.

(3) A Commission of the Admission of Lawyers in Montana is hereby created. That Commission shall have a total of 11 members, of which two shall be non-lawyers, one a District Judge of the State of Montana, one a member of the Montana Board of Bar Examiners, and the remainder members of the State Bar of Montana. Appropriate notice shall be given to the State Bar of Montana, Montana Trial Lawyers Association, and the public requesting the nominees for the Commission be submitted to the Chief Justice of this Court by July 15, 1985. This Court will promptly appoint the members of the Commission with a provision that they shall complete their recommendation for the admission of lawyers in the State of Montana to this Court by January 15, 1986. The Court will promptly consider such recommendations and act upon the same.

(4) The Clerk of this Court is directed to mail copies of this order to the following:

-District Court Judges of the State of Montana;

-Clerks of the District Courts of the State of Montana;

-United States District Court judges of the State of Montana;

-Clerks of the United States District Courts of the State of Montana;

-President and secretary of the State Bar of Montana;

-The President and Secretary of the Montana Trial Lawyers Association.

J.A. Turnage, Chief Justice
John Conway Harrison, Justice
Fred J. Weber, Justice
Frank B. Morrison, Jr., Justice
John C. Sheehy, Justice
L.C. Gulbrandson, Justice
William E. Hunt, Sr., Justice

APPENDIX

RULE XXV

ATTORNEYS AND COUNSELORS AT LAW

A. GENERAL PROVISIONS

1. WHO ELIGIBLE. An applicant for admission to the bar of Montana must be good moral character, a citizen of the United States and at least twenty-one years of age and a graduate of an accredited law school. An applicant for admission by examination, in addition to the foregoing requirements must have been for at least six months prior to the date of filing an application, continuously a bona fide resident of and actually making his or her home within the State of Montana. An applicant for admission on motion, in addition to the foregoing requirements must be bona fide resident of and actually making his or her home within the State of Montana, and prior to a hearing being granted upon such application must produce proof that such residence requirements have existed for a period of at least six months. A member of the bar of another jurisdiction applying for admission on motion to the bar of this state shall not be admitted upon more favorable terms than a member of the bar of this state may be admitted in that jurisdiction and any laws or regulations of conditions upon members of the bar of this state applying for admission in that jurisdiction are automatically adopted and will be imposed upon applicants from such jurisdictions who seek admission here.

2. OBJECTION TO THE ADMISSION OF APPLICANTS. HOW MADE.

Objection to the admission of an applicant to practice law in the Courts of this state may be made by an person by filing with the Clerk of this Court a statement setting forth the grounds thereof; and thereupon investigation may be made in such manner as the Court may deem appropriate.

3. ROLL OF ATTORNEYS.

Each attorney admitted to practice must sign the roll of attorneys kept by the Clerk of the Court, before the license is issued.

B. REQUIREMENTS FOR PERMISSION TO TAKE EXAMINATION.

An applicant must:

1. be qualified under subdivision of A of this Rule; and

2. intend if admitted to the Bar to engage actually in the practice of law in Montana.

## C. PUBLICATION.

The Clerk of the Supreme Court shall cause the list of applicants to be published once in some daily newspaper in the City of Helena, at least twenty days before the date of examination.

## D. OATH OF APPLICANT.

Before commencing the examination every applicant must take an oath that he or she will not ask or accept aid or assistance from anyone answering questions, or tender or render any such aid or assistance to another, that he or she will not consult any book or books except as permitted by the Board of Law Examiners, that he or she will not consult any person during any recess, and that he or she will not remove from the room where the examination is held any examination paper or make a copy or copies of the same.

## E. ADMISSION ON MOTION.
### 1. SPECIAL QUALIFICATIONS.

An attorney who has been duly admitted to practice law in another state, territory or the District of Columbia, may apply to this Court for admission to practice in the courts of this state upon motions of the Attorney General and without examination, by submitting with his or her application satisfactory proof that he or she has been admitted to practice in the highest court of such other jurisdiction and has actively been engaged in the practice of law for at least two years immediately prior to his or her application here, subject to compliance with the provision of sub-division A of Rule XXV.

## F. APPLICATION.

A candidate for admission to practice in the courts of this State, desiring to be admitted to practice in the courts of this State on motion, must file the application form furnished by the Clerk setting forth his or her eligibility under this Rule, together with his or her verified petition showing where, with whom, and the period of time during which he or she has practiced as attorney or counselor-at-law elsewhere than in this State; whether or not any proceedings for his or her disbarment or criminal charges have been instituted or prosecuted against him or her in any jurisdiction and if so, a statement of the time, place and circumstances, and the result thereof; that he or she has not been out of active practice for more than two years immediately prior to making application, and that if admitted to the bar it is his or her intention to engage actively in the practice

of the law in this State; if he or she has never practiced and not more than one year has elapsed since his or her admission, he or she shall so state. Such petition will not be heard by the Court until eligibility under subdivision A of the Rule is established. Such papers must be on file at least six weeks before the hearing on same.

One who has actively engaged in the teaching of law as a full-time faculty member of a recognized law school in the State of Montana for period of five consecutive years shall be considered as having actively engaged in the practice of law under the provisions of this Rule.

Such petition must be accompanied by a certificate of the presiding judge of the highest court-of-record of the jurisdiction in which the petitioner last practiced, exemplified as required by the law of this State for exemplification of judicial records from another state or foreign country, showing that the petitioner was of good reputation, and trustworthy in the practice of his profession as attorney and counselor-at-law in such jurisdiction.

The petition, application form, affidavits and certificate shall be filed and preserved in the office of the Clerk of this Court.

The candidate for admission shall also cause to be furnished, at his or her own expense to the Clerk of this Court, a report by the National Conference of Bar Examiners, American Bar Center, Suite 1025, North Michigan Avenue, Chicago, Illinois 60601, as to its investigation concerning the candidate's character, reputation, experience and qualification, which report of such investigation must be supplied to the Clerk prior to a determination by this Court of the candidates petition for admission on motion.

## G. ACTION BY ATTORNEY GENERAL.

The Clerk shall forthwith deliver the petition and other papers to the Attorney General. If upon examination by him he is satisfied that the applicant is prima facie entitled to admission, he shall thereupon notify the applicant when the court will hear the application. The applicant need not appear until the motion for admission is made. All applications must be made upon motion of the Attorney General or one of his assistants.

## H. PRESENCE OF APPLICANT IN COURT.

All such applicants for admission shall be personally present in Court when the motion is made, which may be at nine o'clock, a.m. on any day when a quorum of the Court is present.

## I. EXAMINATION MAY BE REQUIRED.

If for any reason the Court is of the opinion that an applicant for admission from another jurisdiction should be required to pass an examination as to his or her qualification, provided his or her application in other respects conforms to the requirements for admission of attorneys from other jurisdictions, his or her name will be entered in the list of candidates for the next ensuing examination.

## J. FEES FOR ADMISSION.

Every applicant for admission the Bar by examination or otherwise must pay to the Clerk of the Supreme Court at the time he or she files an application for examination or a petition for admission, the sum of three hundred fifty dollars, ($350.00), by cash, cashiers check or money order. In addition thereto, if the applicant is admitted to practice, he or she shall pay an enrollment fee; in the case of practice in another jurisdiction such enrollment fee shall be seventy-five dollars ($75.00); as to all applicants admitted as a result of passing the examination the enrollment fee shall be fifty dollars ($50.00); as to all other applicants the enrollment fee shall be twenty-five dollars ($25.00). Should an applicant fail in the examination taken by him, he may take the next succeeding examination given without further payment.

## K. ATTORNEY'S LICENSE FEE.

Each attorney at law admitted to practice his or her profession within the State of Montana shall pay the annual attorney's license fee as provided by law, for the license year during which he or she is admitted, and for each license year thereafter so long as he or she practices his or her profession within the State, whether as a public officer or otherwise; upon his or her discontinuing such practice within the State (except to take judicial office) and discontinue the payment of the annual license fee for three or more consecutive years, his or her name shall be removed from the list of persons engaged in the active practice of law therein, and shall be restored thereto only upon his or her filing an application for reinstatement setting forth the reasons for his or her discontinuance of practice within the State and containing the information required of an applicant for admission on motion under subdivision F., and, also executing the form furnished by the Clerk of this Court. The Court may waive these requirements or any part thereof, after consideration of the particular circumstances disclosed by the application for rein-

statement. If reinstatements be granted, the Court will require all of the unpaid annual license fees to be paid. In May of each year a copy of the said list shall be delivered by the Clerk of the Court to each District Judge.

No certificates of admission to and good standing at the Bar of the State of Montana shall be given unless the applicant's name is on the list of persons engaged in the active practice of law in accordance with these Rules and the Statutes of Montana.